### CONGER v. MAHAN.

No. 11473—Opinion Filed Oct. 16, 1923.

**Appeal and Error—Failure of Defendant in Error to File Brief—Reversal.**

"Where the plaintiff in error has filed a brief, and the defendant in error has filed none, and has given no excuse for his failure, and upon the examination of the record it appears that the errors assigned are well founded, this court is not required to search for some theory, or for some authority that might possibly save the judgment appealed from." Walker v. Robinson, 66 Okla. 57, 166 Pac. 1042.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Hughes County; John L. Coffman, Judge.

Action by T. C. Conger against J. W. Mahan on promissory note. Judgment for defendant, and plaintiff appeals. Reversed and remanded for new trial.

Anglin & Stevenson, for plaintiff in error.

Crump & Skinner, for defendant in error.

Opinion by SHACKELFORD, C. This cause was filed in the district court of Hughes county, on the 22nd day of October, 1918. It was tried and a judgment rendered on the 10th day of March, 1920. Appeal was perfected by the filing of a petition in error with case-made attached, in the Supreme Court, on the 4th day of June, 1920. Brief of plaintiff in error was filed in this court on the 24th day of April, 1923. The appearance docket of this court shows due service of plaintiff in error's brief upon attorneys for defendant in error. The defendant in error has filed no brief, and no extension of time for filing brief has been granted, and no excuse is shown why brief has not been filed. The defendant in error has been in default since about May 24, 1923.

We have examined the errors assigned in the brief of plaintiff in error, and the rec-ord upon which they are predicated, and the grounds urged for reversal appear to be well taken. Where such a situation is presented as has arisen in this case, we are not required to search the record for reasons why the judgment should be upheld, neither are we required to search for authorities in support of the judgment.

Upon the authority of Miles v. Bird, 41 Okla. 428, 138 Pac. 789, and Walker v. Robinson, 66 Okla. 56, 166 Pac. 1042, the judgment appealed from will be reversed in accordance with the prayer of the petition in error, and the cause remanded for a new trial.

By the Court: It is so ordered.